UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK DeLEON,

         Plaintiff,

-against-

DONNA SERGIO; MRS. HABER; EVELYN WASSERMAN; OMH,

         Defendants.

18-CV-11821 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is incarcerated at Rockland County Correctional Facility, is proceeding *pro se* and *in forma pauperis*. He filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated March 18, 2019, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. On March 27, 2019, Plaintiff filed an amended complaint, which the Court has reviewed. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff brings this action against Dr. Donna Sergio, Dr. Evelyn Wasserman, Dr. Haber, and the Office of Mental Health ("OMH"). Between December 2015 and September 2016, Plaintiff was under the care of Dr. Haber at the Rockland Psychiatric Center. From September 2016 to June 2018, he was under the care of Dr. Wasserman at the Mental Health Association of Rockland. While under Dr. Haber's and Dr. Wasserman's care, Plaintiff was prescribed "Invega-trinsa" injections and Zyprexa pills. Plaintiff alleges that, when he stopped taking these medications for a short period of time, he "attacked a family member and was given severe criminal charges." (Amend. Compl. at 2-3.) Plaintiff alleges that Defendants were negligent because they failed to warn him of the potential harms of discontinuing the medications. He sustained mental shock, "which lasted about 60 plus days," and mental anguish. He seeks money damages.

**DISCUSSION**

**A.     Claims against Dr. Donna Sergio**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation,
> (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under

which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

Plaintiff does not allege any facts showing how Defendant Dr. Sergio was personally involved in the events underlying his claims. Moreover, Plaintiff alleges that Dr. Sergio is employed at Midstate Correctional Facility, while the alleged violations occurred at Rockland Psychiatric Center and the Mental Health Association of Rockland. Plaintiff's claims against Dr. Sergio are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims against OMH**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The New York OMH is one such arm of the state. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Plaintiff's § 1983 claims against OMH are therefore barred by the Eleventh Amendment and are dismissed.

## C. Claims against Dr. Haber and Dr. Wasserman

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here, Plaintiff is alleging that the defendant doctors were negligent because they failed to warn him of the side effects of discontinuing his medications. Whether characterized as claims of medical malpractice or negligence, such claims arise under state law. The Court therefore lacks subject matter jurisdiction over these claims.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he

4

and Defendants reside in New York, precluding complete diversity of citizenship.[2] Because this Court lacks subject matter jurisdiction over Plaintiff's state law claims and Plaintiff has failed to allege facts demonstrating that the Court has diversity jurisdiction, the Court must dismiss Plaintiff's claims.

**D.      Leave to amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to reassign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] If Plaintiff was incarcerated at the time of the alleged negligence, he might have been able to plausibly allege that Defendants were deliberately indifference to his medical needs in violation of the Eighth or Fourteenth Amendments. However, Plaintiff states in his amended complaint that the "events which ultimately took place" occurred before he was incarcerated. (Amend. Compl. at 4.) In any event, Plaintiff has not plead facts suggesting that Defendants' alleged negligence rose to the level of deliberate indifference sufficient to state a claim for a violation of his rights under the Eighth or Fourteenth Amendments.

5

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 3, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.